NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONEL PENA-SANCHEZ, | No. 06-72049 |
| Petitioner, | Agency No. A075-530-186 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM * |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011**

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Leonel Pena-Sanchez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

Immigration Judge's ("IJ") removal order.  Our jurisdiction is governed by

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), and we dismiss in part, deny in part, and grant in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that Pena-Sanchez failed to show exceptional and extremely unusual hardship. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). We are not persuaded that Pena-Sanchez's removal results in the deprivation of his children's rights. *See Urbano De Malaluan v. INS*, 577 F.2d 589, 594 (9th Cir. 1978).

We reject Pena-Sanchez's contention the BIA engaged in impermissible fact-finding. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (BIA may review questions of law, discretion, and judgement de novo).

The agency declined to entertain Pena-Sanchez's motion to reopen to consider additional evidence in support of his cancellation of removal application without the benefit of our decision in *Fernandes v. Holder*, 619 F.3d 1069, 1074 (9th Cir. 2010) ("[T]he IJ's jurisdiction on remand from the BIA is limited only when the BIA expressly retains jurisdiction and qualifies or limits the scope of the remand to a specific purpose."). *See also Matter of M-D-*, 224 I. & N. Dec. 138, 141-42 (BIA 2007) (IJ has authority to consider additional evidence on remand "if it is material, was not previously available, and could not have been discovered or

presented at the former hearing.").  We therefore remand for proceedings consistent with this disposition.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; and GRANTED in part; REMANDED.**